ALK/SMS/SMS
F. #2018R00369

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

   - against -

HECTOR ROSARIO,

            Defendant.

- - - - - - - - - - - - - - - - -X

No. 22-CR-355 (ENV)

# THE GOVERNMENT'S PROPOSED VOIR DIRE REQUESTS

                                      JOHN J. DURHAM
                                      UNITED STATES ATTORNEY
                                      Eastern District of New York
                                      271 Cadman Plaza East
                                      Brooklyn, New York 11201

Anna L. Karamigios
Sophia M. Suarez
Sean M. Sherman
Assistant U.S. Attorneys
   (of Counsel)

STATEMENT OF THE CASE

The defendant is a former Nassau County Police Department detective charged by Indictment with making false statements to Special Agents of the Federal Bureau of Investigation and obstructing a federal grand jury investigation into members and associates of the Bonanno and Genovese organized crime families of La Cosa Nostra, also known as the "mafia." This is the government's theory of the case. The defendant disputes these charges.

VOIR DIRE REQUESTS

The government respectfully requests that the Court include the following questions in its examination of prospective jurors in addition to the Court's usual voir dire.

1. This case is the result of an investigation by the Federal Bureau of Investigation, also known as the FBI, with help from the Nassau County District Attorney's Office, also known as the NCDA, and the Nassau County Police Department, also known as the NCPD. Have you or anyone close to you had any experience with the FBI, the NCDA, or the NCPD? If so, please describe the nature of that experience, and whether you considered it positive or negative.

2. Do you have any bias, prejudice or other feelings for or against the FBI, the NCDA, the NCPD, the United States Attorney's Office, the Department of Justice, or any other law enforcement or government agency that would make it difficult for you to be impartial in this case?

3. I expect that you will hear that the defendant in this case was a Nassau County Police Department detective at the time of the alleged conduct. Would that fact affect your ability to evaluate the evidence fairly and impartially in this case?

4. I understand that one or more witnesses who are members of law enforcement may be called to testify by the government. Would you have difficulty treating law enforcement like any other witness? Does you believe that law enforcement witnesses are less likely to be truthful

2

than other witnesses? Are you related to someone in law enforcement or do you have a close friend who is in law enforcement? If so, please explain.

5. Have you, or have any of your relatives or close friends, ever been a witness in a grand jury investigation or been questioned in any matter by law enforcement agents? Have you, or have any of your relatives or close friends, ever been a witness or complainant in a prosecution, whether federal, state or local?

6. Have you, or has a family member or close friend, ever been arrested, charged with a crime, the subject of a criminal investigation or the victim of a crime? If yes, do you think you or your family member or friend was treated fairly by the criminal justice system?

7. If you answered yes to any of the previous questions, would this affect your ability to be fair and impartial in this case?

8. Some government witnesses may testify that they participated in serious crimes, including crimes they committed with the mafia and narcotics-related crimes. These witnesses, who may be referred to during trial as cooperating witnesses, may have pleaded guilty to crimes and may be testifying with the hopes that their own sentences will be reduced. Use of these witnesses is lawful, but in evaluating any witness's credibility you may consider that witness's history, characteristics, and background. Do you have any views about witnesses who have committed crimes seeking reduced sentences? Do you hold any beliefs and opinions that would affect your ability to evaluate testimony from such witnesses fairly and impartially? Do you believe that you would be unable or unwilling to fairly and impartially assess the testimony of such witness, in accordance with the Court's instruction?

9. It is the law that the testimony of a single witness, even a cooperating witness, can be sufficient to convict a defendant of a charged crime, if the jury finds that the testimony of that

witness establishes proof beyond a reasonable doubt. Do you have any opinion or belief about that law or cooperating witnesses that would prevent you from applying this rule of law?

10. Have you read or seen anything in the media regarding this case or any of the parties (i.e., the defendant or the lawyers) or heard about the case from any other source? If yes, is there anything about what you have heard or seen that would affect your ability to be a fair and impartial juror in this case?

11. Are you, or are any of your family members or close friends, members of an organized criminal group or gang? Do you or any of your family members or close friends know anyone who is a member of an organized criminal group or gang?

12. I expect that there will be evidence in this case relating to crimes committed by members and associates of the mafia. Is there anything in what you have seen, heard, read, or experienced about the mafia that would make it difficult for you to render a fair and impartial verdict in this case?

13. I also expect that you will hear that some of the crimes under investigation involved illegal gambling. Some people are under the mistaken belief that gambling is always legal. That is not the case. Congress has passed laws prohibiting such activities and such activities in certain circumstances. Do you believe that gambling should be legalized in all or some circumstances? Is there anything about the fact that the crimes under investigation included illegal gambling that would interfere with your ability to decide this case fairly and impartially?

14. Have you or are any of your family members or close friends, had experience with any gambling debt or gambling addiction?

15. If you answered yes to the previous questions, would this affect your ability to be fair and impartial in this case?

16.     In this case, the defendant is charged with the crime of making false statements to federal law enforcement agents.  As I will later instruct you, it is a crime to make a false statement to federal agents under certain circumstances.  Do you have any strong feelings about whether it should be a crime to lie to federal agents?

JOINT LIST OF WITNESSES, NAMES AND PLACES

The government respectfully requests that the Court inquire about prospective jurors' familiarity with the persons and places on the following list, which includes potential witnesses as well as names and places that may be referenced during the trial. The government has conferred with defense counsel and the list includes names and places relevant to both parties.

A. Defendant and Defense Counsel

    1. Hector Rosario (Defendant)

    2. Louis Freeman (Defense Counsel)

    3. Nadjia Limani (Defense Counsel)

    4. Kestine Thiele (Defense Counsel)

B. Seated at the Government's Table

    1. Anna L. Karamigios (Assistant U.S. Attorney)

    2. Sophia M. Suarez (Assistant U.S. Attorney)

    3. Sean M. Sherman (Assistant U.S. Attorney)

    4. Eleanor Jaffe-Pachuilo (Paralegal Specialist, U.S. Attorney's Office)

    5. Joseph Costello (Special Agent, Federal Bureau of Investigation)

C. List of Names

    1. Jarryd Butler

    2. Damiano Coraci

    3. John Clinton

    4. Bernardo Curra

    5. Mario D'Alessandro

    6. Lenny DiMaria

    7. Mark Donchek

8. Michael Durso

9. Agostino Gabriele

10. Angelo Gallace

11. Anthony Henry

12. Kenneth Hosey

13. David Locket

14. Ryan Lunt

15. Joseph Macario

16. Robert Nill

17. Vito Palazzolo, Sr.

18. Vito Palazzolo, Jr.

19. Anthony Pipitone

20. Vito Pipitone

21. Carmelo "Carmine" Polito

22. Salvatore Rubino

23. Salvatore Russo

24. Joseph Rutigliano

25. Orlando Tactuk

26. Alphonse Trucchio

27. Ronald Trucchio

28. AnthonyVaccaro

29. Damiano Zummo

D.  Places

    1.  Blue Tequila Bar & Grill, located at 157 Hempstead Ave West Hempstead, New York

    2.  Café Italia, located at 314 Main Street, Farmingdale, New York

    3.  Centro Calcio Italiano Club, located at 1007 Little East Neck Road, West Babylon, New York

    4.  Glendale Sports Club, located at 74-03 Myrtle Avenue, Queens, New York

    5.  Gran Caffe, located at 31 Hempstead Avenue, Lynbrook, New York

    6.  Java Room, located at 314 Main Street, Farmingdale, New York

    7.  La Nazionale Soccer Club, located at 80-13 Myrtle Avenue, Queens, New York

    8.  Sal's Shoe Repair, located at 41 Merrick Avenue, Merrick, New York

    9.  Soccer Club, located at 129 Rockaway Avenue, Valley Stream, New York

    10. South Shore Bridge & Chess Club, located at 181 S. Franklin Avenue, Valley Stream, New York

    11. Vincent's Pizza, located at 14 Atlantic Ave, Lynbrook, New York

    12. Marijuana Grow House, located at 11-30 Dunkirk Street, Queens, New York

CONCLUSION

The government respectfully requests that the Court include the foregoing in its voir dire to the jury. In addition, the government respectfully requests the opportunity to submit further requests or amend those submitted as appropriate.

Dated: Brooklyn, New York
       February 10, 2025

Respectfully submitted,

JOHN J. DURHAM
United States Attorney
Eastern District of New York

By:        /s/
Anna L. Karamigios
Sophia M. Suarez
Sean M. Sherman
Assistant United States Attorneys
(718) 254-7000

cc:  Clerk of the Court (By ECF)
     Defense Counsel (By ECF)