**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

TH:ALK/SMS/SMS
F. #2018R00369

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

February 4, 2025

<u>**FILED UNDER SEAL**</u>

<u>By ECF and Email</u>

The Honorable Eric N. Vitaliano
United States District Court Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:     United States v. Hector Rosario
        <u>Criminal Docket No. 22-355 (ENV)</u>

Dear Judge Vitaliano:

        The government respectfully submits this letter in advance of trial in the above-referenced matter to: (1) provide notice to the Court and the defendant of certain materials relating to government witnesses, pursuant to <u>Giglio v. United States</u>, 405 U.S. 150 (1972);[1] and (2) move to preclude the defendant from cross-examining the witnesses, or otherwise mentioning at trial, the information described below.  The government does not concede the relevance, materiality or admissibility of the enclosed information, but provides it in an abundance of caution.  The government reserves the right to supplement this disclosure and motion as additional information becomes available.

I.      <u>The Government's Witnesses</u>

        At the trial, the government intends to call CW #2 ▮▮▮▮▮▮▮  As detailed in the government's motions <u>in limine</u>, CW #2, an associate of the Bonanno crime family, is expected to testify that, among other things, he directed the defendant to conduct a fake police raid of Sal's Shoe Repair and to shut down other competing gambling parlors. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

---

[1]     In addition to the material described herein, the government disclosed to the defendant material pursuant to 18 U.S.C. § 3500, which may also include <u>Giglio</u> material.

In discovery, the government produced to the defendant ████████ ███████████████ ██████ ██ █ █ ███ ██████ █ ██ ████ ████████ ██████

In addition, in an abundance of caution, on February 3, 2025, the government produced to defense counsel (1) a proposed plea allocution from counsel for CW #2, and (2) a proposed plea allocution ████████████████ and an email from the government stating the government's belief that the proposed allocution satisfied the legal elements of the offense.

## II. Motion to Preclude

### A. Applicable Law

The Federal Rules of Evidence limit the circumstances under which evidence of specific acts of a witness may be introduced. Specifically, Rule 608(b) allows for cross-examination regarding specific instances of a witness's conduct only if probative of truthfulness or untruthfulness. Rule 608(b) also prohibits the use of extrinsic evidence to prove such specific instances of conduct and provides broad discretion to the trial judge to limit cross-examination as to specific instances. See Fed. R. Evid. 608(b) (in the discretion of the court, if "probative of the character for truthfulness or untruthfulness," specific instances of prior conduct "may" be inquired into (emphasis added)). Rule 611 similarly provides that "cross-examination should be limited to the subject matter of the direct examination and matters affecting the credibility of the witnesses" and provides that the Court should "protect witnesses from harassment or undue embarrassment." Fed. R. Evid. 611.

"The scope and extent of cross-examination lies within the sound discretion of the trial judge." United States v. Scarpa, 913 F.2d 993, 1018 (2d Cir. 1990) (internal quotation marks omitted); see also United States v. Rosa, 11 F.3d 315, 335–36 (2d Cir. 1993) ("[T]he decision to restrict cross-examination will not be reversed absent an abuse of discretion"); United States v. Beverly, 5 F.3d 633, 638 (2d Cir. 1993). Thus, "'[t]rial judges retain wide latitude . . . to impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witnesses' safety, or interrogation that is repetitive or only marginally relevant.'" United States v. Crowley, 318 F.3d 401, 417 (2d Cir. 2003) (quoting Delaware v. Van Arsdall, 475 U.S. 673, 679 (1986)).

"As long as a defendant's right to confront the witnesses against him is not violated, limitations on cross-examination are not grounds for reversal," United States v. Roldan-Zapata, 916 F.2d 795, 806 (2d Cir. 1990), and "[t]he decision of the trial court to restrict cross-examination will not be reversed on appeal unless its broad discretion has been abused," United States v. Maldonado-Rivera, 922 F.2d 934, 956 (2d Cir. 1990); accord United States v. Miles, 889 F.2d 382, 384 (2d Cir. 1989) (trial court's ruling will not be disturbed unless judge acted "arbitrarily or irrationally"). Curtailment of cross-examination does not constitute an abuse of the trial court's discretion as long as "the jury was already in possession of sufficient information to make a discriminating appraisal of the particular witness's possible motives for testifying falsely in favor of the government." United States v. Singh, 628 F.2d 758, 763 (2d Cir. 1980); see also, e.g., Rosa, 11 F.3d at 336 (citations omitted).

"[U]nder Rule 403, the district court may exclude even relevant evidence if it finds that the 'probative value [of the testimony] is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.'" Crowley, 318 F.3d at 417 (quoting United States v. Flaherty, 295 F.3d 182, 191 (2d Cir. 2002), and citing Fed. R. Evid. 403); see also, e.g., Van Arsdall, 475 U.S. at 679; United States v. Sasso, 59 F.3d 341, 347 (2d Cir. 1995). In this context, evidence that is "unfair[ly] prejudic[ial]" means evidence that would invite the jury to decide an issue material to the outcome of the case for reasons that have nothing to do with the legal issues to be decided. See United States v. Harvey, 991 F.2d 981, 996 (2d Cir. 1993); United States v. Borello, 766 F.2d 46, 59 (2d Cir. 1985); United States v. Jamil, 707 F.2d 638, 644 (2d Cir. 1983).

B.  Application

1.  The Court Should Preclude the Defendant from Raising ██████████
████████████████████████████████████

The Court should preclude any cross-examination or reference to ███████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████

2.  The Court Should Preclude the Defendant from Offering
Communications Regarding the Witnesses' Plea Allocutions

The Court should also preclude the defendant from offering the communications concerning ███████████████████ plea allocutions to impeach their credibility. These materials—none of which directly involved either ███████████████ would not be admissible as a prior inconsistent statement under Federal Rule of Evidence 613(b) because documents reflecting communications between counsel and the government are not statements of the witness. A "third party's characterization of a witness's statement does not constitute a prior statement of that witness unless the witness has subscribed to that characterization." United States v. Almonte, 956 F.2d 27, 29 (2d Cir. 1992) (internal quotation marks omitted). Absent such endorsement, a third

party's characterization of a witness's statement is "irrelevant as an impeaching prior inconsistent statement, and thus inadmissible." Id.; see United States v. Ferguson, No. 06-CR-137(CFD), 2007 WL 4577303, at *2 (D. Conn. Dec. 26, 2007) ("To constitute a prior statement with which a witness may be impeached under Rule 613, then, the statement must either be a verbatim recording of the prior statement or a third party's characterization of the statement to which the witness has expressly subscribed or otherwise adopted."); United States v. Weissman, No. 01-CR-529 (BSJ), 2002 WL 31875410, at *2 (S.D.N.Y. Dec. 26, 2002) (law firm's notes of witness interviews were not prior statements of the witnesses and were thus inadmissible as impeachment evidence).

III.     Conclusion and Request for Sealing

        For the reasons stated above, the government respectfully requests that the Court preclude the defendant from cross-examining the witnesses about the aforementioned information.

        The government also respectfully requests permission to file this letter under seal. As an initial matter, the government is sensitive to the need to minimize the amount of information in a criminal case that is filed under seal.  See, e.g., United States v. Aref, 533F.3d 72, 83 (2d Cir. 2008) (noting "the requirement that district courts avoid sealing judicial documents in their entirety unless necessary"); Lugosch v. Pyramid Co., 435 F.3d 110, 119-20 (2d Cir. 2006) (noting that sealing orders should be "narrowly tailored"). However, sealing is warranted here to protect the potential witness's privacy interests.  United States v. Amodeo, 71 F.3d 1044, 1050-51 (2d Cir. 1995) (privacy interests of third parties may be compelling reason justifying sealing).

        Under these circumstances, the government's interest in safeguarding the privacy of the potential witness outweighs the public's qualified right to access such information.  Because the facts set forth in this letter provide a sufficient basis for the "specific, on the record findings" necessary to support sealing, Lugosch, 435 F.3d at 120, the government respectfully requests that the Court record those findings and permit the filing of this letter under seal.

                                        Respectfully submitted,

                                        JOHN J. DURHAM
                                        United States Attorney
                                        Eastern District of New York

                        By:      ___/s/_____
                                        Anna L. Karamigios
                                        Sophia M. Suarez
                                        Sean M. Sherman
                                        Assistant U.S. Attorneys
                                        (718) 254-7000

cc:     Clerk of the Court (ENV) (by ECF)
        Counsel of Record (by E-mail)