UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>-against-<br><br>HECTOR ROSARIO,<br><br>Defendant. | : | MEMORANDUM & ORDER<br><br>22-cr-00355 (ENV) |

VITALIANO, D.J.

On March 5, 2025, a jury convicted Hector Rosario of one count of making false statements to agents of the Federal Bureau of Investigation ("FBI"). 18 U.S.C. § 1001. Rosario now moves to set aside the guilty verdict under Fed. R. Crim. P. 29. *See* Def.'s Mot., ECF No. 177; *see* also Opp'n, ECF No. 181.[1] For the reasons described below, the motion is denied.[2]

## Background

The Court assumes the parties' familiarity with the facts and history of the case, which will not be unnecessarily recited here. Briefly, and for contextual purposes, Rosario was a longtime Nassau County Police detective who forsook his detective's shield and took up working for the mob as his side hustle. Fired by the Nassau County Police Department prior to trial, Rosario was charged as a supporting henchman in a wide-ranging *cosa nostra* investigation spanning two indictments. A peripheral player to the illegal gambling turf war between two competing mob families, Rosario was not substantively charged with the fake police raids he conducted on illegal gambling parlors, but with lying to federal investigators and obstructing a federal grand jury

[1] Rosario did not file a Reply to the government's Opposition brief.
[2] Citations to filings refer to the Electronic Case Filing ("ECF") system pagination.

investigation. A jury acquitted him of obstruction but returned a guilty verdict for lying to the FBI. *See* ECF No. 174-1.

There was never drama about the lies investigators claimed Rosario told them. The government charged that Rosario had told two specific lies: (1) That Rosario told the agents that he did not know know longtime family friend Damiano Zummo, either when asked his name or shown his photo, and (2) that he was not familiar with the name or address of a gambling parlor operating under the storefront name "Sal's Shoe Repair." *Id.* At the close of the case, under Rule 29, Rosario moved for a judgment of acquittal. Tr. 718:12-19. Decision on the motion was reserved. Tr. 720:11-12.

## Legal Standard

A district court is required to "enter a judgment of acquittal on any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). But the Court may not revisit a jury's determination of guilty simply because it disagrees. Rather, the entry of an acquittal is only proper if, considering all the evidence, the Court determines "that 'no rational trier of fact could have found the defendant guilty beyond a reasonable doubt.'" *United States v. Eppolito*, 534 F.3d 25, 45 (2d Cir. 2008) (quoting *United States v. Jackson*, 335 F.3d 170, 180 (2d Cir. 2003)). In assessing a motion seeking to vacate a jury's guilty verdict, a trial court must view all evidence "in the light most favorable to the government, credit[] every inference that could have been drawn in the government's favor," and "defer[] the [to] the jury's assessment of witness credibility and its assessment of the weight of the evidence." *United States v. Coplan*, 703 F.3d 46, 62 (2d Cir. 2012). If, after considering the totality of the evidence, it is "such that reasonable jurors must necessarily have … a [reasonable] doubt, the judge must require acquittal, because no other result is permissible within the fixed bounds of jury consideration." *United States v. Taylor*,

464 F.2d 240, 243 (2d Cir. 1971).

Discussion

All sides agree that the day will be carried or lost by Rosario depending upon the materiality of the statements he made to the FBI agents the government claims were false. A § 1001 inquiry is laser focused on the materiality of the lie told to government officials; in this case, the materiality of Rosario's statements to the illegal gambling investigation the agents were conducting. The focus of the inquiry is narrow, so, for example, as Rosario acknowledged, a showing of reliance by the listener is not required. *United States v. Litvak*, 889 F.3d 56, 65 (2d Cir. 2018). Put differently, a "statement is material if it is *capable* of influencing a decision by a decision-making body even if the body did not in fact rely on the statement." *United States v. Santiago*, No. 13-cr-39, 2014 WL 4827883, at *5 (S.D.N.Y. Sept. 26, 2014) (emphasis in the original). For the prosecution to convict, the bar, in other words, is practically on the ground. Indeed, so much so, as caselaw establishes, whether the FBI knew his statements were false is besides the point of materiality as a matter of law. *United States v. Foxworth*, 334 F. App'x 363, 366 (2d Cir. 2009).

Low bar notwithstanding, the government did not maroon the jury in an evidentiary desert. Two FBI agents were called to testify expressly as to why the subject statements made by Rosario were material. Opp'n at 1916-1918. Agent Orlando Tactuk testified that Rosario's information could have been used to bolster existing or open new investigations. Opp'n at 1917; Tr. 479:7-18. Special Agent Jarryd Butler testified that the information from multiple sources would be used to "corroborate itself." Opp'n at 1918; Tr. 674:15-675:1. That they knew before asking that Rosario's answers were false is of no import given the agents' testimony as to their materiality. It is clear, consequently, that a reasonable juror could find Rosario told a material lie capable of influencing an FBI investigation.

In counterpoint, Rosario advances a theory known, though not so labeled in his brief, as that of the "exculpatory no." *See* Def. Mot. at 1870-73. Rosario's brief attempts to raise an argument rejected by the Supreme Court 30 years ago with respect to § 1001 convictions like his. *See Brogan v. United States*, 522 U.S. 398, 118 S.Ct. 805, 139 L. Ed. 2d 830 (1998). Rejecting the notion that a literal reading of § 1001 puts a suspect in the "cruel trilemma" of "admitting guilt, remaining silent, or falsely denying guilt," the Court ruled that "[w]hether or not the predicament of the wrongdoer run to ground tugs at the heartstrings, neither the text nor the spirit of the Fifth Amendment confers a privilege to lie." *Id.* at 405. In short, the Fifth Amendment empowered Rosario to show agents to the door. It did not empower him to make materially false statements to them instead; nor does it compel the Court to acquit him for the poor defense course he chose.

## Conclusion

For the foregoing reasons, Rosario's Rule 29 motion to set aside the verdict of the jury finding him guilty of making materially false statements to the FBI as charged in Count 2 of the trial indictment is denied.

So Ordered.

Dated: Brooklyn, New York
July 16, 2025

/s/ Eric N. Vitaliano
ERIC N. VITALIANO
United States District Judge